IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BELIEVE PURSUE LLC,<br><br>                Plaintiff,<br>    v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>                Defendants. | Case No.: 1:23-cv-4474<br><br>**Judge Sharon Johnson Coleman**<br><br>**Magistrate Judge Sunil R. Harjani** |

## PLAINTIFF'S MEMORANDUM ESTABLISHING THAT JOINDER IS PROPER

In response to the Court's Orders of July 13 and July 28, 2023 (Dkt. Nos. 13, 23), Plaintiff Believe Pursue LLC ("Believe Pursue") hereby submits the following Memorandum establishing that joinder of the individuals, corporations, limited liability companies, partnerships, and unincorporated associations and foreign entities identified on Schedule A to the Complaint (collectively, "Defendants") is proper under Federal Rule of Civil Procedure 20(a)(2).

### Introduction

This action has been filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by, among other things, selling unauthorized and unlicensed products that infringe Plaintiff's patented design for a hip thrust exercise belt, U.S. Patent No. D983,897 S (the "BELLABOOTY Patent"); and the BELLABOOTY trademark, U.S. Trademark Registration No. 4,350,556 (the "BELLABOOTY Trademark").

1

Defendants are improperly advertising, marketing and/or selling unauthorized and illegal products (the "Counterfeit Products") embodying Plaintiff's patent and trademark registrations by reference to and/or embodying the same design as the Plaintiff's genuine product (the "BELLABOOTY Belt"), which causes confusion and deception in the marketplace. As part of a coordinated effort to sell Counterfeit Products, Defendants conduct their activity through their numerous fully interactive, nondescript Internet e-commerce stores operating under the online marketplace accounts identified in Schedule A to the Complaint (collectively, the "Defendant Internet Stores"), including but not limited to platforms such as Amazon.com ("Amazon") and eBay.com ("eBay") (collectively, the "Marketplace Platforms").

The Defendants design the Defendant Internet Stores to make them appear to be selling genuine BELLABOOTY Belts, while selling inferior imitations of such products. *See* Complaint (Dkt. No. 1) at ¶¶ 34-35, 37. The Defendants' online marketplace accounts share unique identifiers, such as design elements and similarities of the Counterfeit Products offered for sale, that establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Complaint at ¶ 5. The Defendants attempt to avoid liability by going to great lengths to conceal their identities and the full scope and interworking of their illegal counterfeiting operation (Complaint at ¶ 6), and rely on the mass reach afforded by the Internet and the cover afforded by international borders to violate Plaintiff's patent and trademark rights and exploit U.S. consumers.

Plaintiff is forced to file this action to combat Defendants' coordinated counterfeiting of the BELLABOOTY Belt, as well as to protect unknowing U.S. consumers from purchasing Counterfeit Products, as Plaintiff faces a "swarm of attacks" on its intellectual property, and "filing individual causes of action against each counterfeiter ignores the form of harm" that Plaintiff faces.

2

*Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 334 F.R.D. 511, 517 (N.D. Ill. 2020) (Durkin, J.) (granting joinder in similar case brought by Bose against numerous, anonymous online merchants).

### Legal Standard for Joinder

Fed. R. Civ. P. 20(a)(2)(A) stipulates that "Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

The Supreme Court has explained that under the Federal Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012) (quoting *United Mine Workers* v. *Gibbs*, 383 U.S. 712, 724 (1966)). The Seventh Circuit has further noted that the purpose of a liberal application of the Rule 20(a) joinder requirement "is to enable economies in litigation." *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000).

In this District, courts evaluating the propriety of joinder consider factors such as whether the alleged conduct occurred during the same general time period and involved similar people and conduct. *Lozada v. City of Chicago*, No. 10-c-1019, 2010 WL 3487952, at *2 (N.D. Ill. Aug. 30, 2010). Other Circuits have applied the "logical relationship" test to interpret "same transaction or occurrence" as it appears in Rule 20(a) and found that "all reasonably related claims for relief by or against different parties" can be tried in a single proceeding. *Mosley v. General Motors Corp.*,

497 F.2d 1330, 1333 (8th Cir. 1974). Absolute identity of all events is unnecessary. *Id.*; *see also Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000).

The phrase "transaction or occurrence" is not defined in Rule 20(a) and the Seventh Circuit has not fashioned a definitive standard for determining what constitutes a transaction or occurrence. *See Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000) (explaining that "no hard and fast rules have been established" in this context). In that vein, courts have applied the "transaction or occurrence" requirement using a "case-by-case approach" based on a "flexib[le] . . . standard [that] enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." *In re EMC Corp.*, 677 F.3d at 1358 (internal quotation omitted); *see also Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (courts should permit joinder when it "will comport with the principles of fundamental fairness," and should not permit joinder if it "would create prejudice, expense or delay").

Courts in this District have interpreted the terms "transaction" and "occurrence" to have separate meanings—and have found "occurrence" to have a broader meaning than "transaction." *See Bose Corp.*, 334 F.R.D. at 516 (stating that the canons of construction suggested "transactions and occurrences" have separate meanings under Rule 20 and that the dictionary definitions suggest that "occurrence" is broader than "transaction."). The decision in *Bose* is notable as it addresses the propriety of joining numerous online merchants in some detail. In *Bose*, the plaintiff brought claims against a number of anonymous online sellers based mainly out of China for infringing upon Bose's trademarks. *Bose Corp.*, 334 F.R.D. at 512. After receiving Bose's complaint against multiple defendants, Judge Durkin ordered it to file a brief addressing why joinder was proper. *Id.* In his subsequent decision permitting joinder, Judge Durkin acknowledged that while individual

4

counterfeiters may cause distinct injuries, for victims of counterfeiting such as Bose, "it is the injuries in the aggregate—the swarm—that is harmful and from which [plaintiff] seeks shelter." *Bose Corp.*, 334 F.R.D. at 517.

Accordingly, the court held that forcing Plaintiff to file "individual causes of action against each counterfeiter ignores the form of harm it faces . . . , because it is the swarm—the fact that all Defendants are attacking at once—that is the defining aspect of the harm from which [plaintiff] seeks relief." *Id.* As a result, the court agreed with Bose's argument that it was facing a "swarm" of attacks on its intellectual property from the online merchant defendants which constituted a series of occurrences. Thus, it held that Bose's complaint was sufficiently pled to join the defendants under Rule 20. *Id.* at 516-517.

Other courts in this District also have held that joinder of numerous online merchants as defendants is proper when a plaintiff alleges that they have attacked its intellectual property. For instance, in *Pink Floyd*, Judge Valderrama held that the plaintiff had sufficiently demonstrated that the asserted claims—namely, that 231 e-commerce stores had infringed upon Pink Floyd's trademarks—did arise out of the same occurrence or series of occurrences and that, therefore, joinder of the defendants was proper. *Pink Floyd (1987) Limited v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-cv-04406, 2021 WL 7179622, at *1 (N.D. Ill. Oct. 21, 2021). The court reached the same conclusion in *Chrome Cherry Limited,* after that plaintiff brought design patent infringement claims against numerous online merchants. *See Chrome Cherry Limited v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-cv-05491, 2021 WL 6752296, at *1-2 (N.D. Ill. Oct. 20, 2021)

Numerous other judges in this District have permitted joinder in factually similar cases concerning the infringement of a plaintiff's intellectual property by anonymous online merchants

5

as well. *See, e.g., EnchantedMob, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 22-cv-5685, Dkt. No. 21 (Dec. 13. 2022) (minute entry that joinder of "Schedule A" defendants was proper) [1]; *Jodicke v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 22-cv-5106, Dkt. No. 15 (Dec. 13. 2022) (same); *Oakley v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 20-cv-5972, Dkt. No. 27, at *2 (N.D. Ill. Nov. 9, 2020) (finding joinder of numerous online merchants proper); *Weifang Tengyi Jewelry Trading Co. Ltd. v. ExtraFind*, 18-cv-4651, Dkt. No. 150 (N.D. Ill. Dec. 19, 2018) (denying motion to sever joinder in trademark infringement case with multiple defendants because plaintiff's claims against moving defendants "rest[ed] in substantial part on the same legal and factual grounds as [its] claims against the other defendants including that [defendants] were involved in a counterfeiting network with other defendants."). In fact, since 2021, attorneys currently practicing at Plaintiff's law firm have brought more than twenty (20) lawsuits in this District to counter factually similar occurrences of a swarm of online merchant defendants attacking the intellectual property of plaintiffs in which the courts have permitted joinder and entered temporary restraining orders against the online merchants. *See* Declaration of Blake Goebel (the "Goebel Dec.") at ¶ 3.

### Plaintiff's Well-Pleaded Allegations Satisfy Fed. R. Civ. P. 20(a)(2)(A)

"In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in a plaintiff's complaint as true." *Desai v. ADT Sec. Services, Inc.*, No. 11-C-1925, 2011 WL 2837435, at *3 (N.D. Ill. Jul. 18, 2011). A court must construe the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences" in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074,

---

[1] The unpublished docket entries cited in this memorandum are attached to the accompanying Declaration of Blake Goebel ("Goebel Dec."). *See* Goebel Dec. at ¶ 4 and Ex. 1.

1081 (7th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plaintiff must only put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th. Cir. 2009).

Plaintiff's well-pleaded allegations establish that the Defendant Internet Stores are all operating in the same occurrence, or series of occurrences. *See, e.g.*, Complaint at ¶¶ 5, 23, 27-37. Defendants are located in China and other foreign jurisdictions, and without any authorization or license from Plaintiff they have knowingly and willfully sold Counterfeit Products into the United States that directly infringe the BELLABOOTY Belt patent and trademark. *Id*. On personal knowledge and belief, the Defendants' counterfeiting activities appear to share the following commonalities:

a) Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores and/or register their domain names and/or user accounts with incomplete information, randomly typed letters, or omitted cities or states; (Complaint at ¶ 34);

b) Defendants regularly create new websites and online marketplace accounts on various platforms to conceal their identities and the full scope and interworking of their counterfeiting operation (Dkt. No. 11, Beck Dec. at ¶ 20);

c) Certain of the Defendant Internet Stores bear virtually identical layouts, even though different aliases were used to register the respective domain names (Complaint at ¶ 35);

d) Defendants show evidence of market coordination, i.e., using similar advertising and marketing strategies and tactics such as designing their Defendant Internet

Stores with sophistication, and using similar layouts with images and design elements so that they appear to be selling genuine BELLABOOTY Belts, which makes it very difficult for consumers to distinguish such counterfeit sites from an authorized website (Complaint at ¶¶ 27-29);

e) Defendants use unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine BELLABOOTY Belts and/or use similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down (Complaint at ¶¶ 32-33);

f) The Defendant Internet Stores include other notable common features, including accepted payment methods, check-out methods, metadata, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images (Complaint at ¶ 37); and

g) Defendants' Counterfeit Products bear similar irregularities and indicia of being unauthorized to one another, suggesting that the Counterfeit Products were manufactured by and come from a common source and that Defendants are interrelated (Dkt No. 11, Beck Dec. at ¶ 21).[2]

---

[2] Examples of the Counterfeit Products sold by Defendants are found at Exhibit 3 to the Beck Declaration filed in support of Plaintiff's Motion for a Temporary Restraining Order. *See* Dkt. No. 11-3, filed under seal.

These allegations indicate that the Defendants are acting in a similar manner and during the same time period to sell Counterfeit Products—collectively in the same "occurrence" of mass harm—and thus show a logical relationship between them that supports joinder. *Bose Corp.*, 334 F.R.D. at 516. Even if Defendants are not directly coordinating, Plaintiff alleges that Defendants in this case "take advantage of a set of circumstances—the anonymity and mass reach afforded by the internet and the cover afforded by international borders—to violate [Plaintiff's trademark and patent] with impunity." *Id*. "[I]t is plausible that Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they do not engage in direct communication or coordination." *Id*. Defendants are alleged to be counterfeiters, and "want to blend in to cause consumer confusion." *Id.* at 514. As a result, it is difficult to link together with arbitrary commonalities such myriad clusters of internet stores.[3] Further, Plaintiff does not bear the burden at the pleading stage to demonstrate that each of the Defendant Internet Stores is commonly owned. Such linking efforts are extremely cumbersome and not required by Rule 20 to join multiple Defendant Internet Stores at the pleading stage, especially without adversarial presentation and the opportunity to conduct discovery.

**Plaintiff's Well-Pleaded Allegations Satisfy Fed. R. Civ. P. 20(A)(2)(B)**

Plaintiff's well-pleaded allegations also satisfy the second prong of Fed. R. Civ. P. 20(a)(2)(B), which provides that joinder is proper if "any question of law or fact common to all defendants will arise in the action." In this case, Defendants, without any authorization or license,

---

[3] Plaintiff's allegations also refer to unique identifiers, not just general common elements found on e-commerce stores (*See* Complaint at ¶5). The Court should avoid speculating that the unique identifiers are a coincidence and that Defendants are merely acting similarly, but independently of each other. The Court must construe the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences" in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

have knowingly and willfully used the BELLABOOTY Belt's trademark and patent in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit BELLABOOTY Belts into the United States and Illinois over the Internet. (Complaint at ¶ 43). And while some Defendants may later present different factual evidence to support individual legal defenses, these Defendants are likely to raise the same defenses, and the same commonality in questions of law and of fact will arise with regard to all of the Defendants (*e.g.*, whether the Counterfeiting Products infringe Plaintiff's patent and trademark, and whether the patent and trademark are valid), which precisely supports joinder at this stage in the litigation. *See First Time Videos, LLC v. Does 1–500*, 276 F.R.D. 241, 252 (N.D. Ill. 2011) (Castillo, J.) (finding joinder was proper in copyright infringement case against numerous anonymous defendants in part because the legal claims against all defendants were the same).

Thus, for the reasons set forth above, Plaintiff's well-pleaded allegations demonstrate that any question of law or fact common to all Defendants will arise in the action and thus satisfy the requirements of Fed. R. Civ. P. 20(a)(2)(B).

### Joinder is Consistent with Fairness, Convenience and Judicial Economy

Joinder in this case is also consistent with fairness to the parties because it promotes convenience and judicial economy. It will protect the interest of the parties in securing a just, speedy, and inexpensive resolution for both Plaintiff and Defendants, will help avoid any unnecessary delays, and will not prejudice any party at this time. On the other hand, severance would be more likely to likely to cause delays and prejudice Plaintiff and Defendants alike. *See First Time Videos, LLC*, 276 F.R.D. at 252-253 (explaining that "severance is more likely to cause delays and prejudice" to all parties, since "delays are likely to occur, and the resources of the courts to be substantially taxed, in the event that Putative Defendants were severed" while the "resulting

10

claims would require its own filing fees, a multiplication of expense that would further inhibit [plaintiff]'s ability to protect its legal rights."). Additionally, the Federal Rules of Civil Procedure only apply to the extent that they affect any party's "substantial rights," and Plaintiff anticipates that Defendants are likely to not appear and will be individually subject to default. Fed. R. Civ. P. 61. As the court stated in *Bose Corp.*, "[n]o defendants are prejudiced by permitting joinder in this case. To the extent any defendant appears and raises defenses that differentiate it from the swarm, the Court can always sever that defendant's case under Rule 21 …" *Bose Corp.*, 334 F.R.D. at 517; *see also Chrome Cherry Limited*, 2021 WL 6752296, at *1 ("The Court additionally notes that no Defendants are prejudiced by permitting joinder at this juncture").

The resources of the Court, other judges in this District, and other Districts will be substantially taxed if Plaintiff's claims against Defendants are severed into multiple separate lawsuits. "Requiring the filing of separate complaints could flood the courts with thousands of additional single defendant [counterfeiting] cases, with no difference in resolution of nearly every case in a practical sense. The only thing that will inevitably occur is the slowdown of adjudications of other lawsuits, or the decrease of filings of cases which on their face have alleged plausible violations of the Lanham Act." *Bose Corp.*, 334 F.R.D. at 517, n.6.

Requiring Plaintiff to file hundreds of lawsuits in cases such as this one also would dramatically impair the ability of Plaintiff—and other trademark and patent holder victims of widespread and systemic counterfeiting—to effectively protect their intellectual property rights in a cost-effective manner, most particularly in the context of online infringement. *See First Time Videos, LLC*, 276 F.R.D. at 253. Online infringement is a rampant and widespread issue for trademark and patent holders because, in recent years, marketplace platforms have emphasized

11

opening and marketing their services to sellers located in China[4] seeking to sell directly to U.S. consumers. (Goebel Dec. at ¶ 6 and Ex. 3, article from Wall Street Journal describing Amazon's recruitment of sellers based in China). In the 2020 fiscal year alone, the U.S. government seized unauthorized goods worth more than $1.3 billion, and China and Hong Kong together accounted for 79 percent of all seizures. (Goebel Dec. at ¶ 7 and Ex. 4 at 4, 12 (Fiscal Year 2020 Report from U.S. Customers and Border Protection on Intellectual Property Rights Seizures)).

Joinder thus is proper because it would not result in substantial delay, unduly prejudice the present Defendants, introduce complicated issues into an already complex case, join defendants on claims which could not withstand motions to dismiss or for summary judgment, or necessitate new discovery. *See Ocean Atlantic Woodland Corporation v. DRH Cambridge Homes, Inc., et al.*, No. 02-c-2523, 2003 WL 22848968 (N.D. Ill. Dec. 1, 2003).

## Conclusion

In sum, Plaintiff's well-pleaded allegations establish that joinder is proper: Defendants in this action are participating in the same unlawful occurrence or series of occurrences, operating from the same geographic area, sharing similar product listings, selling Counterfeit Products on the same Marketplace Platforms, and subjecting Plaintiff to a "swarm of attacks" on its intellectual property. The same questions of law and fact will arise with regard to all the Defendants, and Defendants are likely to raise the same defenses. Plaintiff Believe Pursue, as well as other victims of online counterfeiting, would be gravely prejudiced if it were required to file separate lawsuits

---

[4] The leader of Alibaba's Anti-Counterfeiting Special Task Force noted that "[a]fter we clean up online shops selling counterfeits, the counterfeiters usually change their identities and places of dispatch, using more covert means to continue selling online . . . . Most counterfeiting dens are hidden and well-organized." Goebel Dec. at ¶ 5 and Ex. 2.

for each and every individual defendant for the simple reason that Defendants registered a specific internet online store using a different alias or different online marketplace.

      For the reasons set forth above, joinder of Defendants is proper and consistent with both the past decisions of courts in this District and the strongly encouraged policy of entertaining the broadest possible scope of action consistent with fairness to the parties.

Date: August 16, 2023                                Respectfully Submitted,

                                                       By: */s/ Blake C. Goebel*
                                                           Blake C. Goebel, Esq. (IL 6303392)
                                                           BOIES SCHILLER FLEXNER LLP
                                                           1401 New York Ave. NW
                                                           Washington, D.C. 20005
                                                           Tel: (202) 895-5248
                                                           bgoebel@bsfllp.com

                                                           Shannon Joyce Prince
                                                           BOIES SCHILLER FLEXNER LLP
                                                           333 Main St.
                                                           Armonk, NY 10504
                                                           (914) 749-8289
                                                           sprince@bsfllp.com

                                                           *Attorneys for Plaintiff Believe Pursue, LLC*